IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH SHARP,

    Plaintiff,

v.                              Civil Action No. 3:09cv834

COMMONWEALTH OF VIRGINIA,
et al.,

    Defendants.

## MEMORANDUM OPINION

This action was filed originally in the Circuit Court for the City of Richmond ("the Circuit Court") by counsel for Kenneth Sharp, a Virginia prisoner. Sharp seeks damages from the Commonwealth of Virginia, the Virginia Department of Corrections, Lawrenceville Correctional Center ("LCC"), and the GEO Group. On December 30, 2009, the GEO Group, a Florida corporation, filed a Notice of Removal to this Court. GEO Group contends that the Court has jurisdiction over this action because there is diversity of citizenship between itself and Sharp. GEO Group further contends that the presence of non-diverse defendants did not deprive the Court of jurisdiction, and that those defendants did not need to consent to removal. On January 15, 2010, the Court ordered the parties to submit further briefing on the issue of whether GEO Group could remove this action to federal Court. The parties have responded. This matter is ripe for decision.

## I. BACKGROUND AND PROCEDURAL HISTORY

On December 10, 2008, Sharp filed this action in the Circuit Court for the City of Richmond. Sharp alleged that the Defendants failed to protect him from his cellmate despite Sharp's repeated requests for a transfer. Sharp's cellmate eventually attacked Sharp with a padlock. Sharp sustained serious injuries, including a broken jaw and skull. Although Sharp pressed the emergency alarm button in his cell, LCC staff did not immediately respond, leaving Sharp unconscious on the floor of cell for over three hours. LCC medical staff initially failed to correctly diagnose the extent of Sharp's injuries. Three days after the incident, another medical doctor determined that Sharp required immediate transfer to a hospital for surgery. Sharp suffers from a loss of vision and persistent headaches, along with nightmares and fear of repeated attacks.

Sharp names as Defendants LCC, the Geo Group, VDOC, and the Commonwealth of Virginia. Sharp brings the following claims:

| | |
|---|---|
| Claim One | Defendants negligently failed to prevent the attack and to provide reasonably adequate medical treatment. |
| Claim Two | Defendants intentionally inflicted emotional distress on Sharp. |

On December 9, 2009, Sharp served Geo Group. On December 10, 2009, Sharp served LCC, VDOC, and the Commonwealth of Virginia (collectively "the Virginia Defendants"). On December 22, 2009, the Virginia Defendants filed in the Circuit Court a "Special Plea of

2

Sovereign Immunity, Demurrer, and Motion to Dismiss." (Notice of Removal, Ex. A.) The Virginia Defendants asserted entitlement to sovereign immunity, and also argued that Sharp failed to state a claim because the allegations in his complaint were directed toward GEO Group and its employees rather than any Virginia Defendant.[1]

On December 30, 2009, GEO Group filed a Notice of Removal. GEO Group, recognizing that the Virginia Defendants had not consented to removal, argued in the removal papers that their consent was unnecessary. By Memorandum Order entered January 14, 2010, the Court observed that GEO Group had failed to carry its burden of demonstrating that removal was proper. (Jan. 14, 2010 Order 1-3.) Accordingly, the Court ordered GEO Group to show cause why the case should not be remanded to the Circuit Court. The Court also ordered Sharp and the Virginia Defendants to file briefs explaining their positions on removal jurisdiction.

On February 22, 2010, the Court received GEO Group's response. GEO Group admits that the presence of the Virginia Defendants poses "an impediment to diversity jurisdiction." GEO Group also recognizes that failure of all defendants to consent to removal normally precludes federal courts from exercising jurisdiction. Nevertheless, GEO Group argues that the Virginia Defendants are merely nominal parties to this action because Sharp cannot recover

---

[1] Sharp's complaint fails to allege any action or inaction on the part of the Virginia Defendants.

3

against them. GEO Group argues that: (1) the complaint contains no factual allegations against the Virginia Defendants; (2) the Virginia Defendants are immune from suit under the doctrine of sovereign immunity; and, (3) LCC lacks the capacity to be sued.

On March 22, 2010, Sharp and the Virginia Defendants filed their responses, objecting to removal. Sharp argues that Geo Group has not met the burden of demonstrating that removal jurisdiction is appropriate. Sharp contends that the Virginia Defendants are at least arguably subject to liability under Virginia law. The Virginia Defendants argue that, in order to determine their amenability to suit under Virginia's statutory waiver of sovereign liability, the Court would have to assume jurisdiction to interpret a statute that clearly waives sovereign immunity only in Virginia's own courts.

## II. THE PROPRIETY OF REMOVAL OF THIS ACTION TO FEDERAL COURT

The statute authorizing removal of a state action to federal court provides that a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because removal of an action to federal court infringes upon state sovereignty, courts are to apply a strict construction of the jurisdiction granted by the removal statute. Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005); see also Culkin v. CNH America, LLC, 598 F. Supp. 2d 758, 761 (E.D. Va. 2009). Any doubt as to

4

removal jurisdiction must be resolved in favor of remand. Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (citing Mucahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)).

GEO Group's difficulty in establishing that the Virginia Defendants are nominal parties is that the Court cannot assume jurisdiction to decide whether the Virginia Defendants are immune to suit. Virginia is generally immune to suit with respect to any claim for which it has not waived its sovereign immunity. Hinchey v. Ogden, 307 S.E.2d 891, 894 (Va. 1983) (citing Larson v. Domestic & Foreign Corp., 337 U.S. 682 (1949)). Pursuant to the Virginia Tort Claims Act ("VTCA"), Va. Code § 8.010-195.1 et seq., Virginia "waives sovereign immunity in some cases for tort liability," but only "provided the suit is filed in State court." Reynolds v. Shreiff of Richmond, 574 F. Supp. 90, 91 (E.D. Va. 1983). This precludes the Court from deciding whether Virginia has waived sovereign immunity with respect to Plaintiff's claims. See Creed v.Virginia, 596 F. Supp. 2d 930, 935 (E. D. Va. 2009) ("Even if the Court were to ultimately decide that the Commonwealth could not be liable under the VTCA, doing so would require the Court to assert jurisdiction over the Commonwealth based on a state statute that waives sovereign immunity only in state court."). Removal

jurisdiction therefore appears absent.[2] Cf. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (noting that, due to the requirement that district courts have original jurisdiction of any removed case, removal is improper unless "the case originally could have been filed in federal court" (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987))).

GEO Group also has failed to demonstrate that the Virginia Defendants did not need to consent to removal. Generally, all defendants must join or consent to removal. 28 U.S.C. § 1446(b); see Unicom Systems, Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 640 (E.D. Va. 2003). An exception exists for nominal parties for whom there exists no "'legal possibility for predicting' that the party could be held liable." Creed v. Virginia, 596 F. Supp. 2d at 935 (quoting Allen v. Monsanto Co., 396 F. Supp. 728, 733 (S.D. W. Va. 2005)). The party seeking removal bears the burden of proving that a defendant is merely nominal. See Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007) (citing 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3731, at 270-71 (3d ed. 1998)). Because "doubts regarding compliance with removal provisions must be resolved in favor of remanding the case to state

---

[2] To the extent that supplemental jurisdiction arguably exists, see Creed, 596 F. Supp. 2d at 939, the Court declines to exercise it on the ground that Virginia's interest in determining the scope of its sovereign waiver and any attendant procedural requirements constitutes a compelling reason for declining jurisdiction. 28 U.S.C. § 1367(c)(4)

court," the Court finds that GEO Group has not satisfied its obligation to demonstrate that the Virginia Defendants need not consent to removal. Bellone v. Roxbury Homes, 748 F. Supp. 434, 436 (W.D. Va. 1990).

## III. CONCLUSION

For the foregoing reasons, this action will be remanded to the Circuit Court for the City of Richmond for further proceedings.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 20, 2010